**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

GEORGE J. FOXX,
            *Plaintiff-Appellant,*

v.

DEPARTMENT OF THE NAVY, John H.
Dalton, Secretary,
            *Defendant-Appellee.*

No. 01-1268

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Gerald Bruce Lee, District Judge.
(CA-99-558-A)

Submitted: June 12, 2001

Decided: July 30, 2001

Before NIEMEYER, MOTZ, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

George J. Foxx, Appellant Pro Se. Richard Parker, Arthur Erwin Peabody, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

George J. Foxx appeals from the district court's order denying his motion filed under Fed. R. Civ. P. 60(b), in which he sought relief from the court's judgment granting the Department of the Navy's motion for summary judgment and dismissing his employment discrimination action. We have reviewed the record and the district court's order and find no abuse of discretion. *Heyman v. M.L. Mktg. Co.*, 116 F.3d 91, 94 (4th Cir. 1997) (stating standard of review).

Foxx based his motion for relief from judgment on Rule 60(b)(1), (2), and (3). As such, the motion had to be filed not more than one year after the entry of judgment. Fed. R. Civ. P. 60(b). The district court entered its order dismissing the action on October 1, 1999.[1] Foxx did not file his Rule 60(b) motion until January 18, 2001, more than one year later. We therefore find that the motion was untimely filed.[2] *National Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993) (outlining threshold factors to filing Rule 60(b) motion).

Accordingly, we affirm the district court's denial of Foxx's Rule 60(b) motion on that ground. *Shafer v. Preston Mem'l Hosp. Corp.*, 107 F.3d 274, 275 n.1 (4th Cir. 1997) ("We have consistently recognized that we may affirm a district court's decision on different grounds than those employed by the district court.") (citations omitted). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

[1]The order was filed on September 28, 1999.

[2]Although Foxx also sought relief under Rule 60(b)(6), he may not do so. The provisions of Rule 60(b)(1), (2), or (3) and (6) "are mutually exclusive, and thus a party who failed to take timely action [based upon newly discovered evidence, mistake, or fraud] may not seek relief more than a year after the judgment by resorting to subsection (6)." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993).